Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MARIA VIRGEN PEREZ LOPEZ,
*individually and on behalf of others similarly
situated,*

                                            *Plaintiff,*

                    -against-

DELICIAS RESTAURANT & SEAFOOD
INC. (D/B/A DELICIAS RESTAURANT &
SEAFOOD), HORDALIZA PAREDES and
JOSE CORTES LOPEZ,

                                            *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Maria Virgen Perez Lopez ("Plaintiff Perez" or "Ms. Perez"), individually and

on behalf of others similarly situated, by and through her attorneys, Michael Faillace &

Associates P.C., upon her knowledge and belief, and as against Delicias Restaurant & Seafood

Inc. (d/b/a Delicias Restaurant & Seafood), ("Defendant Corporation"), Hordaliza Paredes and

Jose Cortes Lopez, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Perez is a former employee of Defendants Delicias Restaurant & Seafood

Inc. (d/b/a Delicias Restaurant & Seafood), Hordaliza Paredes and Jose Cortes Lopez.

2.      Defendants own, operate, or control a Caribbean seafood restaurant, located at

2419 Grand Concourse, Bronx, NY 10468 under the name "Delicias Restaurant & Seafood".

3.      Upon information and belief, Individual Defendants Hordaliza Paredes and Jose Cortes Lopez, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operates or operated the Caribbean seafood restaurant as a joint or unified enterprise.

4.      Plaintiff Perez was employed as a general assistant at the Caribbean seafood restaurant located at 2419 Grand Concourse, Bronx, NY 10468.

5.      At all times relevant to this Complaint, Plaintiff Perez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Perez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Perez to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Perez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Perez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Perez's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Caribbean seafood restaurant located in this district. Further, Plaintiff Perez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Maria Virgen Perez Lopez ("Plaintiff Perez" or "Ms. Perez") is an adult individual residing in Bronx County, New York.

14. Plaintiff Perez was employed by Defendants at Delicias Restaurant & Seafood from approximately October 5, 2021 until on or about July 7, 2026.

15. Plaintiff Perez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.    At all relevant times, Defendants own, operate, or control a Caribbean seafood restaurant, located at 2419 Grand Concourse, Bronx, NY 10468 under the name "Delicias Restaurant & Seafood."

17.    Upon information and belief, Delicias Restaurant & Seafood Inc. (d/b/a Delicias Restaurant & Seafood) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2419 Grand Concourse, Bronx, NY 10468.

18.    Defendant Hordaliza Paredes Penafort is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hordaliza Paredes is sued individually in capacity as owner, officer and/or agent of Defendant Corporation. Defendant Hordaliza Paredes possess operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Perez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.    Defendant Jose Cortes Lopez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Cortes Lopez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jose Cortes Lopez possess operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Perez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

20. Defendants operate a Caribbean seafood restaurant located in the Concourse section of The Bronx in New York City.

21. Individual Defendants Hordaliza Paredes and Jose Cortes Lopez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Perez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Perez, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Perez (and all similarly situated employees) and are Plaintiff Perez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Perez and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Hordaliza Paredes and Jose Cortes Lopez operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Perez's employers within the meaning of the FLSA and New York Labor Law.

28. Defendants had the power to hire and fire Plaintiff Perez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Perez's services.

29. In each year from 2021 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Caribbean seafood restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Perez is a former employee of Defendants who was employed as a general assistant.

32. Plaintiff Perez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria Virgen Perez Lopez*

33. Plaintiff Perez was employed by Defendants from approximately October 5, 2021 until on or about July 7, 2026.

34. Defendants employed Plaintiff Perez as a general assistant.

35. Plaintiff Perez regularly handled goods in interstate commerce, such as knives and other supplies produced outside the State of New York.

36. Plaintiff Perez's work duties required neither discretion nor independent judgment.

37. Throughout her employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

38. From approximately October 5, 2021 until on or about July 7, 2026, Plaintiff Perez worked from approximately 2:00 p.m. until on or about 10:00 p.m., six to seven days a week (typically 48 to 56 hours per week).

39. Throughout her employment, Defendants paid Plaintiff Perez her wages in cash.

40.	From approximately October 5, 2021 until on or about May 2023, Defendants paid Plaintiff Perez a fixed salary of $1002 per week.

41.	From approximately June 2023 until on or about July 7, 2026, Defendants paid Plaintiff Perez a fixed salary of $140.00 per day.

42.	Plaintiff Perez's wages did not vary regardless of how many additional hours she worked in a day or week.

43.	Specifically, Defendants regularly required Plaintiff Perez to work two hours past her scheduled departure time and did not pay her any additional compensation for the additional time she worked.

44.	Plaintiff Perez was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected her actual hours worked.

45.	Defendants did not provide Plaintiff Perez with any document or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked.

46.	No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Perez regarding wages as required under the FLSA and NYLL.

47.	Defendants did not provide Plaintiff Perez with each payment of wages a statement of wages, as required by NYLL 195(3).

48.	Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

49.     As a result of Defendants' failure to provide Plaintiff Perez with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

51.     Plaintiff Perez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

52.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

53.     By employing these practices, Defendants avoided paying Plaintiff Perez the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

54.     Defendants failed to post required wage and hour posters in the Caribbean seafood restaurant, and did not provide Plaintiff Perez with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Perez's relative lack of sophistication in wage and hour laws.

55.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Perez (and similarly situated individuals) worked, and to avoid paying Plaintiff Perez properly for (1) her full hours worked, (2) minimum wage, and (3) overtime wages.

56.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Perez and other similarly situated former workers.

58.     Defendants failed to provide Plaintiff Perez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

59.     Defendants failed to provide Plaintiff Perez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

60.     As a result of Defendants' failure to provide Plaintiff Perez and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Perez and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Perez brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Perez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

63.     The claims of Plaintiff Perez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64. Plaintiff Perez (repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Perez (and the FLSA class members) 's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Perez (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Perez (and the FLSA class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

Defendants' Failure to pay Plaintiff Perez (and the FLSA class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Perez (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

70. Plaintiff Perez (repeats and realleges all paragraphs above as though fully set forth herein.

71.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Perez (and the FLSA class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72.     Defendants' failure to pay Plaintiff Perez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Perez (and the FLSA class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

74.      Plaintiff Perez (repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Perez (and the FLSA class members) 's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Perez (and the FLSA class members), controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

76.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Perez (and the FLSA class members) less than the minimum wage.

77.     Defendants' failure to pay Plaintiff Perez (and the FLSA class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

78.     Plaintiff Perez (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

79.     Plaintiff Perez (repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Perez (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81.     Defendants' failure to pay Plaintiff Perez (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff Perez (and the FLSA class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

83.      Plaintiff Perez (repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants failed to provide Plaintiff Perez (and the FLSA class members)  with a written notice, in English and in Spanish (Plaintiff Perez's (and the FLSA class members') 's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated

- 14 -

by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

85.    As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Perez (and the FLSA class members), Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

86.    Defendants are liable to Plaintiff Perez (and the FLSA class members) in the amount of $5,000.00, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

87.    Plaintiff Perez (repeats and realleges all paragraphs above as though fully set forth herein.

88.    With each payment of wages, Defendants failed to provide Plaintiff Perez (and the FLSA class members)  with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89.    As a result of Defendants' failure to furnish accurate statements to Plaintiff Perez

(and the FLSA class members) Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

90.    Defendants are liable to Plaintiff Perez (and the FLSA class members) in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Perez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Perez and the FLSA Class members;

(f)    Awarding Plaintiff Perez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Perez and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez;

(j)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Perez's compensation, hours, wages and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Perez;

(l)    Awarding Plaintiff Perez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m)    Awarding Plaintiff Perez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Perez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage AND overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)    Awarding Plaintiff Perez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Perez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Perez demands a trial by jury on all issues triable by a jury. Dated: New York, New York
    July 22, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

- 18 -

# Michael Faillace & Associates, P.C.
**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

July 9, 2026

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Maria Virgen Perez Lopez

Legal Representative / Abogado:         Michael Faillace & Associares, P.C.

Signature / Firma:                      *maria perz lopz*

Date / Fecha:                           July 9, 2026

*Certified as a minority-owned business in the State of New York*